**CRESCENT CORPORATION, a corporation, Plaintiffs–Appellants,**

v.

**PROCTOR & GAMBLE COMPANY, a corporation, and Huber, Hunt & Nichols, Incorporated, a corporation, Defendants–Appellees.**

No. 89–1452.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 31, 1989.

Decided March 30, 1990.

David L. Campbell, Campbell & Campbell, St. Louis, Mo. and Joseph J. Banks, Oak Brook, Ill., for plaintiffs-appellants.

Hugh Moore, Lord, Bissell & Brook, Chicago, Ill., Alan H. Goldstein, Diane Hubbard Kennedy, and Susan R. Brooke, Dutton & Overman, Indianapolis, Ind., for defendants-appellees.

Before BAUER, Chief Judge, and RIPPLE, Circuit Judge and WILL, Senior District Judge.[1]

BAUER, Chief Judge.

On September 18, 1985, Crescent Corporation and William A. Brandt, Jr., assignee for the benefit of creditors of Crescent Corporation, (collectively referred to as

---

1. The Honorable Hubert L. Will, Senior Judge of the United States District Court for the North-     ern District of Illinois, is sitting by designation.

"Crescent"),[2] filed a two-count complaint against Proctor & Gamble Company (P & G) and Huber, Hunt & Nichols, Inc. (Huber) in the circuit court of Kane County, Illinois. The first count sought damages under a quantum meruit theory and the second count sought damages for common law fraud and deceit. Three years later, after the case had been removed to federal district court for the Northern District of Illinois and then transferred to the Southern District of Indiana, Crescent filed a motion for an order compelling arbitration and for a stay pending arbitration. The district court denied the motion on August 11, 1988.

Thereafter, the parties began negotiating an arbitration agreement. The negotiations culminated in the following agreement to arbitrate (the "Agreement"): the parties agreed to arbitrate Count I of the complaint before the American Arbitration Association and would seek a stay of judicial proceedings on this count; Crescent agreed to seek dismissal of Count II with prejudice and further agreed that Count II would not be arbitrated; and Huber agreed to seek dismissal of its counterclaim with prejudice, provided that it could raise the counterclaim as an affirmative defense in the arbitration proceeding. The Agreement also contained two other provisions which are relevant to this appeal. Paragraph 4 provided as follows:

> Crescent and Brandt shall have until December 31, 1988 in which to file their demand for arbitration with the American Arbitration Association pursuant to this Agreement. Should Crescent and Brandt fail to file for arbitration on or before December 31, 1988, the parties agree that Crescent and Brandt shall have irrevocably waived their rights both to arbitration and an adjudication on the merits. Any party may then apply to the Honorable John Tinder, United States District Judge for the United States District Court, Southern District of Indiana, Indianapolis Division, for an Order dismissing Count I with prejudice. For purposes of this Agreement, filing occurs when (i) the American Arbitration Association has received Crescent's and Brandt's demand for arbitration and the filing fees required by the American Arbitration Association or (ii) Crescent and Brandt have deposited their demand for arbitration and the filing fees required by the American Arbitration Association in the United States mail, postage prepaid by either certified or registered mail, return receipt requested.

Paragraph 6 provided:

> The parties agree that the arbitration shall be conducted before three arbitrators, one of whom shall be an attorney, selected from a panel of arbitrators provided by the Cincinnati Regional Office of the American Arbitration Association, and further agree that this matter shall be filed with the Cincinnati Regional Office of the American Arbitration Association located at 2308 Carew Tower, Cincinnati, Ohio 45202, 513/241-8434.

The parties then presented a stipulation to dismiss a portion of complaint, to dismiss counterclaim, and to stay the proceedings (the "Stipulation") to the district court. Like the Agreement, the Stipulation provided:

> [i]n the event Crescent and Brandt do not file for arbitration within the time limits set forth in the Agreement to Arbitrate, to-wit, on or before December 31, 1988, the parties agree that the matter shall be treated as an award against Crescent and Brandt and in favor of P & G and Huber Hunt; any party may then apply to the Court for an Order dismissing Count I with prejudice to refiling. The parties stipulate and agree that Crescent and Brandt shall have irrevocably waived their rights to both arbitration and an

---

**2.** Prior to oral argument in this case, Theodore J. Heimburger filed a motion to substitute himself for Crescent and Brandt as the real party in interest in this litigation. Brandt apparently assigned his interest in the litigation to Heimburger. This same motion was filed in the district court but denied because Heimburger failed to attach the assignment of interest to his motion. In the motion before this court, Heimburger failed to make an affirmative representation as to his citizenship. We therefore deny the motion and suggest that Heimburger again present his motion to the district court, this time with the appropriate documentation.

adjudication on the merits of their Count I in the event Crescent and Brandt do not file for arbitration on or before December 31, 1988.

Pursuant to the Stipulation, the court dismissed Huber's counterclaim and Count II of Crescent's complaint with prejudice. It also stayed proceedings on Count I pending the outcome of the arbitration proceedings.

On December 30, 1988, Crescent filed its statement of claim with the American Arbitration Association ("A.A.A.") in St. Louis, Missouri. The St. Louis office then forwarded Crescent's claim to the Cincinnati office, which received it on January 5, 1989.

On January 10, 1989, P & G and Huber filed their motion to dissolve stay, to dismiss Count I with prejudice, and to stay proceedings with the A.A.A. In support of their motion, P & G and Huber alleged that Crescent had breached the Agreement by failing to file a demand for arbitration in the Cincinnati office by December 31, 1988. P & G and Huber also alleged that Crescent violated the Agreement because the version of Count I filed with the A.A.A. included an allegation from Count II of the complaint (which, pursuant to the Agreement, Crescent was barred from raising in arbitration).

On January 30, 1989, the district court entered its order dissolving the stay, dismissing Count I with prejudice, and permanently staying proceedings before the A.A.A. It is from this order that Crescent presently appeals.

The first ground that the district court gave for its order was a finding that Crescent had failed to file the demand in a timely manner as required by the Stipulation and Agreement. Although Crescent did file a demand with the A.A.A. in St. Louis by December 31, 1988, the district court, reading Paragraphs 4 and 6 together, found that the Agreement required Crescent to file a demand in the *Cincinnati* office of the A.A.A. by December 31, 1988. The Cincinnati office, however, did not receive the demand until January 5, 1989, when it was administratively transferred from the St. Louis office. The district court therefore concluded that Cres-

cent had violated the terms of the Stipulation and Agreement.

With respect to this first ground for dismissal, Crescent contends that the district court erroneously construed the language of the Stipulation and Agreement to include a condition not required by these documents. Crescent's argument begins with Paragraph 4 of the Agreement, which states:

> [f]or purposes of this Agreement, *filing occurs when* (i) the American Arbitration Association has received Crescent's and Brandt's demand for arbitration and the filing fees required by the American Arbitration Association or (ii) Crescent and Brandt have deposited their demand for arbitration and the filing fees required by the American Arbitration Association in the United States mail, postage prepaid by either certified or registered mail return receipt requested.

(emphasis added).

Crescent directs our attention to the fact that the above paragraph does not require that the demand be filed in the Cincinnati office of the A.A.A., but simply with the A.A.A. Furthermore, Crescent points out that the Stipulation does not state that the demand must be filed in Cincinnati in order to meet the requirements of the Agreement to Arbitrate. Like Paragraph 4 of the Agreement, the Stipulation is concerned only with time of filing. Crescent concedes that it had the duty to insure that the demand would be filed in Cincinnati, but argues that it did not have to file in Cincinnati by December 31, 1988, because Paragraph 6, unlike Paragraph 4, did not include a time limit. Instead, Crescent continues, it only had to file a demand *anywhere* by December 31, and in Cincinnati within a reasonable period of time after December 31, 1988. *Moseley v. Bishop*, 470 N.E.2d 773, 779 (Ind.App.1984). Because the Cincinnati office received the demand on January 5, 1989, Crescent argues that the district court erred in finding that it had breached its obligations under the Agreement.

P & G and Huber contend that Crescent's obligations under the Agreement are

explicit and include the requirement that Crescent file the demand in Cincinnati by December 31. Acknowledging that Paragraph 4 does not contain directions for the place of filing, they argue that Crescent had to look beyond Paragraph 4 to Paragraph 6, which requires that the demand be filed in the Cincinnati office of the A.A.A.[3] P & G and Huber argue that the Agreement must be read as a whole and, as a whole, the Agreement is unambiguous with respect to the contemplated filing requirements. P & G and Huber direct our attention to that part of Paragraph 4 which states: "Crescent and Brandt shall have until December 31, 1988 in which to file their demand for arbitration with the A.A.A. pursuant to this Agreement." They emphasize that the operative language here is "pursuant to this Agreement." Had this language been "pursuant to this Paragraph," Crescent would not have had to look further than Paragraph 4 to meet its obligations. The language as used, however, compelled Crescent to look beyond Paragraph 4 to Paragraph 6. P & G and Huber close their argument by adding that Crescent's reading of the Agreement asks this court to construe an otherwise unambiguous contract, contrary to general principles of contract interpretation.

■ We disagree. At best, the Agreement is ambiguous. Paragraph 4, which describes the actions necessary to constitute a filing, does not require Crescent file a demand with the Cincinnati office of the A.A.A. Indeed, Paragraph 4 states that a filing occurs when Crescent mails or delivers the required documents and fees to the A.A.A., not when Crescent mails or delivers the required documents and fees to the Cincinnati office of the A.A.A. This language implies that Crescent need only fulfill the simple condition of delivery to the A.A.A. by December 31 in order to meet its obligations under the Agreement. On the

other hand, Paragraph 4 also states that Crescent and Brandt shall have until December 31, 1988 in which to file their demand for arbitration with the A.A.A. "pursuant to this Agreement," implying that the requirements for filing are to be found throughout the Agreement, not just in Paragraph 4.

Where a contract is ambiguous, we look to a few general principles of contract interpretation to resolve the ambiguity. First, the ambiguity should be resolved against the drafters of the contract. *Turnpaugh v. Wolf,* 482 N.E.2d 506, 509 (Ind. App.1985). Second, the construction avoiding forfeiture is favored. *Colonial Mortgage of Indiana, Inc. v. Windmiller,* 176 Ind.App. 535, 376 N.E.2d 529, 532 (1978); *Tidd v. Stauffer,* 159 Ind.App. 570, 308 N.E.2d 415, 417 (1974). Both of these principles work against the interpretation proffered by P & G and Huber: they drafted the Agreement and their suggested construction would result in the forfeiture of Crescent's rights under the Agreement. Thus, the district court should have resolved the ambiguity against P & G and Huber and found that the Agreement did not require that Crescent file a demand in Cincinnati by December 31, 1988. Under this interpretation, Crescent fulfilled its obligations by filing the demand with the A.A.A. by December 31, and by ensuring that a copy of the demand arrived at the Cincinnati office within a reasonable time thereafter. Because no breach occurred, the district court erred in dismissing the complaint and entering its order in reliance on the finding of a breach.

■ This conclusion, however, does not end our discussion because the district court provided a second ground for the dismissal. The court also found that Crescent had breached the terms of the Agreement and Stipulation by reasserting in its demand for arbitration the claims raised in the Count II of the complaint, claims which

---

**3.** Paragraph 6 provided:

The parties agree that the arbitration shall be conducted before three arbitrators, one of whom shall be an attorney, selected from a panel of arbitrators provided by the Cincinnati Regional Office of the American Arbitration Association, and further agree that this matter shall be filed with the Cincinnati Regional Office of the American Arbitration Association located at 2308 Carew Tower, Cincinnati, Ohio 45202, 513/241-8434.

Crescent had agreed to abandon pursuant to the Agreement. Crescent did in fact file a statement of claim with the A.A.A. different than the statement of claim attached to the Agreement. The Agreement contemplated that Crescent would refile the original 22–paragraph Count I with the A.A.A.; Crescent, however, added an extra paragraph to the Count I filed with the A.A.A. This new paragraph, Paragraph 18, realleged the allegations contained in Paragraph 2 of Count II of Crescent's original complaint.

Thus, the district court correctly found that Crescent did not abide by the terms of the Agreement. This finding, however, does not answer the question whether the addition of new Paragraph 18 was a breach sufficient to warrant a forfeiture of Crescent's rights under the Agreement and Stipulation, which is essentially the effect of the district court's order dissolving the stay and dismissing Count I with prejudice. We think not.

The district court apparently believed that a dismissal with prejudice was the remedy contemplated for *any* breach of the Agreement. The Agreement, however, specifies this remedy only in the event that Crescent does not file a timely demand. Because the breach at issue here was not an untimely filing, the district court should have looked beyond the Agreement to fashion an appropriate remedy. The forfeiture of a contract is a harsh remedy, and therefore, courts "allow[ ] an injured party to suspend performance only if the breach is *material,* that is, sufficiently serious to warrant this response." Farnsworth, *Contracts* § 8.15 at 607 (1982) (emphasis in original). *See also Crestwood Park, Inc. v. Apostal,* 431 N.E.2d 789, 792 (Ind.1982) (breach went to de minimus aspect of the contract and so forfeiture was unwarranted). If a remedy other than dismissal was available to the district court, this would be the favored response. *Cf. Rembold Motors, Inc. v. Bonfield,* 155 Ind.App. 422,

293 N.E.2d 210, 218 (1973) ("Forfeiture is a harsh remedy, not favored in equity, and must yield to the principle of compensation where fair dealing and good conscience seem to demand."). In this case, the obvious and better remedy would have been an order striking Paragraph 18 from the statement of claim.

We find that neither of the district court's given reasons for dismissing Count I with prejudice and permanently staying proceedings before the A.A.A. can withstand scrutiny. We therefore reverse and remand the case to the district court for action consistent with this opinion.