Donald F. ACORD, Plaintiff and Appellant,

v.

UNION PACIFIC RAILROAD COMPANY, Defendant and Appellee.

No. 910416–CA.

Court of Appeals of Utah.

Dec. 9, 1991.

---

Anthony M. Thurber, Salt Lake City, for plaintiff and appellant.

J. Clare Williams and Larry A. Gantenbein, Salt Lake City, for defendant and appellee.

## OPINION

Before BILLINGS, GARFF and GREENWOOD, JJ.

GARFF, Judge:

Donald F. Acord appeals from an order dismissing his complaint against appellee Union Pacific Railroad Company (Union Pacific), challenging the court's conclusion that it had no subject matter jurisdiction over Acord's claim.

## FACTS

Appellant Donald F. Acord was injured while working as a locomotive engineer for Union Pacific during June 1979. He filed a civil action suit in federal court pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. alleging a work-related injury. In September 1982, the parties settled and the case was dismissed. The terms of the settlement were set forth in a memorandum agreement.

Acord was a member of the Brotherhood of Locomotive Firemen and Enginemen. Like other members of his union, Acord's rate of pay and working conditions were set forth in a collective bargaining agreement entered into by Union Pacific and by the union. Because the terms of the memorandum agreement affected Acord's working conditions, it was approved and executed not only by Union Pacific, but also by a representative from Acord's union.

Pursuant to the agreement, Acord received a $212,500 cash award. The memorandum agreement temporarily exempted Acord from the terms of the collective bargaining agreement which required him "to remain on the engineer's working list whenever his seniority will permit." The memorandum agreement specified that Acord should instead work as a fireman and should "be allowed to take his pain medication as may be necessary while on duty. Engineer Acord shall not operate the engine unit while using such medication." Finally, the memorandum agreement specified that it would automatically terminate as soon as "Acord's condition improves sufficiently to enable him to again resume service as a Locomotive Engineer in accordance with his seniority." Acord continued his employment under these terms from September 27, 1982 until November 4, 1985. During this time,

Acord used the prescribed medication, Percodan, to control his pain.

In the meantime, on August 2, 1985, the Federal Railroad Administration published in the Federal Register its final rule, now codified as 49 C.F.R. § 219, effective November 1, 1985, on the control of alcohol and drugs in railroad operations. Section 219.101 prohibits the use of certain prescription drugs, including Percodan, by railroad employees while on duty. Section 219.9 imposes a civil penalty on any railroad which permits an employee to work in violation of Section 219.101.

On November 4, 1985, a Union Pacific superintendent notified Acord by letter that Acord was being withheld from further service for medical reasons because of his use of Percodan in violation of Union Pacific's operating rules. Union Pacific advised Acord at that time that he would be allowed to return to work upon his substituting another, medically acceptable drug for Percodan.

On September 8, 1988, Acord filed the present action, claiming breach of the memorandum agreement. He claimed he dismissed his FELA action against Union Pacific based on consideration of a cash payment along with the memorandum agreement. His complaint claimed that his dismissal from his job "constitutes a material breach of the parties' contractual agreement of September 27, 1982."

He also claimed that from the time the memorandum agreement was executed until his discharge, he was employed "under the terms and conditions of the applicable collective bargaining agreement between defendant and the Brotherhood of Locomotive Engineers as modified and supplemented by the [memorandum agreement]."

During this time, Acord also began pursuing his administrative remedies by filing a grievance pursuant to the collective bargaining agreement. In accordance with the collective bargaining agreement, a Procedural Public Law Board was convened. The Board held that it had jurisdiction over the dispute and could interpret the memorandum agreement. The Board further held that the dispute was medical rather

than nonmedical. The Board held that the issue was whether Acord would be able to work while taking a noncontrolled pain medication and not whether Acord was improperly removed from service.

Acord later voluntarily resigned from Union Pacific, thereby waiving and withdrawing his grievance and relinquishing his seniority, in consideration for a $50,000 cash payment from Union Pacific.

On November 28, 1989, in the civil action, the court dismissed Acord's complaint for lack of subject matter jurisdiction because it fell within the purview of the Railway Labor Act. The court held that his "exclusive remedy with respect to the claims set forth in his complaint is an administrative one as described in his collective bargaining agreement, and that plaintiff's complaint does not state a separate state law cause of action which can legitimately be pursued in this Court."

Acord appeals the dismissal, claiming the court erred in concluding it had no subject matter jurisdiction over the claim.

■■ A trial court may rule affirmatively on a motion to dismiss "only where it clearly appears that the plaintiff or plaintiffs would not be entitled to relief under the facts alleged or under any state of facts they could prove to support their claim." *Prows v. State*, 175 Utah Adv.Rep. 6, 7, 822 P.2d 764, 765 (Utah 1991) (citation omitted). In reviewing a motion to dismiss, "we must accept the factual allegations in the complaint as true and consider all reasonable inferences to be drawn from those facts in a light most favorable to the plaintiff." *Id.* (citation omitted).

Acord claims that the court erred in characterizing his claim as a "minor dispute" or "grievance" under the Railway Labor Act, as interpreted by the United States Supreme Court in *Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 324, 92 S.Ct. 1562, 1565, 32 L.Ed.2d 95 (1972), thereby precluding him from pursuing a claim in state court.

Specifically, Acord argues that his claim arises from the "special employment agreement" settling his FELA action, and that

the memorandum agreement "is entirely separate" from the collective bargaining agreement. He claims that because the memorandum agreement relates specifically to him and does not apply to any other employee, the document should not be considered to be a supplement or modification of the collective bargaining agreement.

■ The Railway Labor Act (RLA), codified as 45 U.S.C. § 152, "provides a comprehensive framework for the resolution of labor disputes in the railroad industry." *Atchison, Topeka and Santa Fe Ry. Co. v. Buell,* 480 U.S. 557, 562, 107 S.Ct. 1410, 1414, 94 L.Ed.2d 563 (1987). The RLA governs all disputes between a railroad and its employees "arising out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, . . . ." 45 U.S.C. § 152 Sixth. *Accord Detroit & T.S.L.R. Co. v. Transp. Union,* 396 U.S. 142, 145 n. 5, 90 S.Ct. 294, 296 n. 5, 24 L.Ed.2d 325 (1969). Disputes governed by the Act include claims for wrongful discharge arising from collective bargaining agreements notwithstanding a plaintiff's characterization of the claim as one sounding in common law. *Andrews,* 406 U.S. at 324, 92 S.Ct. at 1565.

Moreover, a "party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding." *Andrews,* 406 U.S. at 326, 92 S.Ct. at 1565 (citation omitted).

In light of *Andrews,* the question becomes whether the trial court correctly characterized Acord's claim as one arising from the collective bargaining agreement in determining that it had no jurisdiction to hear the claim.

Contrary to Acord's claim that the memorandum agreement was only between himself and Union Pacific, the document is signed by representatives of the Brotherhood of Locomotive Engineers, and of the United Transportation Union. Moreover, Acord, in his complaint, characterizes the collective bargaining agreement as having been "modified and supplemented by the [Memorandum Agreement]."

Because we must accept these factual allegations in Acord's complaint as true, *Prows,* 822 P.2d at 765, we must therefore accept Acord's characterization of the memorandum agreement as a modification or supplement to the collective bargaining agreement. Therefore, Acord must pursue his claim for damages for breach of the memorandum agreement pursuant to the RLA.

■ Moreover, because the RLA governs all disputes between a railroad and its employees "arising out of grievances or out of the interpretation or application of agreements concerning . . . *working conditions,*" 45 U.S.C. § 152 Sixth, the memorandum agreement falls within the purview of the RLA.

■ Finally, Acord's action is also barred by the decision he made to file and pursue his grievance pursuant to the terms of the collective bargaining agreement. The law is clear that prior submission of a grievance to an adjustment board organized under the RLA precludes the seeking of damages in a subsequent common law action. *Switchmen's Union v. National Mediation Bd.,* 320 U.S. 297, 301, 64 S.Ct. 95, 97, 88 L.Ed. 61 (1943); *Union Pac. R.R. Co. v. Price,* 360 U.S. 601, 608, 79 S.Ct. 1351, 1355, 3 L.Ed.2d 1460 (1959).

Accordingly, we find no error in the court's conclusion that it lacked subject matter jurisdiction over Acord's claim.

BILLINGS and GREENWOOD, JJ., concur.