2008 UT App 475

**MILLER FAMILY REAL ESTATE, LLC,
a Utah limited liability company,
Plaintiff and Appellee,**

v.

**Saied HAJIZADEH, an individual,
Defendant and Appellant.**

**No. 20080365–CA.**

Court of Appeals of Utah.

Dec. 26, 2008.

John Martinez and Nick J. Colessides, Salt Lake City, for Appellant.

Larry G. Moore, Brent D. Wride, and Gregory S. Roberts, Salt Lake City, for Appellee.

Before THORNE, Associate P.J., McHUGH and ORME, JJ.

## OPINION

McHUGH, Judge:

¶ 1 Saied Hajizadeh appeals the trial court's dismissal without prejudice of the complaint filed by Miller Family Real Estate, LLC (Miller Family) for specific performance and breach of contract. We affirm.

## BACKGROUND

¶ 2 Hajizadeh is the record title owner of real property located at 5712 and 5720 South State Street, in Murray, Utah (the Property). On March 1, 2007, Miller Family entered into a Real Estate Purchase Contract (REPC) with Hajizadeh to buy the Property for $1.7

million. Although Miller Family paid Hajizadeh $25,000 in earnest money and placed the balance in escrow on or before the agreed closing date, April 30, 2007,[1] Hajizadeh refused to sell the Property. On May 8, 2007, Miller Family filed a complaint against Hajizadeh, alleging breach of contract and seeking specific performance. Miller Family also recorded a notice of lis pendens against the Property at that time.

¶ 3 Hajizadeh moved to dismiss Miller Family's complaint on June 11, 2007, citing the REPC's Alternate Dispute Resolution (ADR) provision (Section 15). Upon receiving notice of Hajizadeh's motion to dismiss on June 20, 2007, Miller Family made an offer of mediation, which Hajizadeh rejected. On September 6, 2007, the trial court granted Hajizadeh's motion to dismiss without prejudice, holding that the REPC required Miller Family to submit the dispute to mediation before filing the complaint. That same afternoon, Miller Family sent a letter to Hajizadeh's counsel again requesting mediation. Hajizadeh did not respond, instead arguing that Miller Family's substantive claims were barred. Subsequently, on September 7, 2007, Miller Family filed a second complaint and recorded a new lis pendens against the Property.[2]

## ISSUES AND STANDARDS OF REVIEW

¶ 4 Hajizadeh argues that the trial court erred when it dismissed Miller Family's initial complaint without prejudice. Hajizadeh's challenge to the trial court's order is premised on his contention that the REPC created either a statute of limitations or a condition precedent,[3] which required Miller Family to conduct mediation within thirty days of notice of the dispute. We review issues of contract interpretation not requiring a resort to extrinsic evidence for correctness, affording no deference to the trial court. *See Foster v. Montgomery*, 2003 UT App 405, ¶ 11, 82 P.3d 191. When interpreting a contract, " '[w]e first look to the four corners of the agreement to determine the intentions of the parties.' " *Central Fla. Invs., Inc. v. Parkwest Assocs.*, 2002 UT 3, ¶ 12, 40 P.3d 599 (quoting *Ron Case Roofing & Asphalt v. Blomquist*, 773 P.2d 1382, 1385 (Utah 1989)).

## ANALYSIS

¶ 5 Section 15 of the REPC states:

The parties agree that *any dispute or claim* relating to this Contract, including but not limited to the disposition of the Earnest Money Deposit and the breach or termination of this Contract, *shall first be submitted to mediation* in accordance with the Utah Real Estate Buyer/Seller Mediation Rules of the American Arbitration Association. Each party agrees to bear its own costs of mediation. *Mediation shall take place within 30 days after notice by either party of the existence of a dispute or claim.* Any agreement signed by the parties pursuant to the mediation shall be binding. *If mediation fails*, the procedures applicable and remedies available under this Contract shall apply. *Nothing in this Section shall prohibit the Buyer from seeking specific performance by the Seller by filing a complaint with the court, serving it on the Seller by means of summons or as otherwise permitted by law, and recording a lis pendens with regard to*

---

1. Miller Family alleges in its complaint that it paid the earnest money and placed the balance in escrow.. Although these activities are not established in the record, we review the grant of a motion to dismiss by "accept[ing] the factual allegations in the complaint as true and consider[ing] all reasonable inferences to be drawn from those facts in a light most favorable to the plaintiff." *Acord v. Union Pac. R.R. Co.*, 821 P.2d 1194, 1196 (Utah Ct.App.1991) (internal quotation marks omitted) (reviewing motion to dismiss for lack of subject matter jurisdiction); *see also Cruz v. Middlekauff Lincoln–Mercury, Inc.*, 909 P.2d 1252, 1253 (Utah 1996) (reviewing motion to dismiss for failure to state a claim).

2. Miller Family's second complaint named both Hajizadeh and Exclusive Cars, Inc., the corporate entity that occupies the premises, as defendants. The second complaint remains pending in the district court, and the second lis pendens is still of record in the county recorder's office.

3. A condition precedent is "an act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises." *McBride–Williams v. Huard*, 2004 UT 21, ¶ 13, 94 P.3d 175 (internal quotation marks omitted).

*the action; provided that the Buyer permits the Seller to refrain from answering the complaint pending mediation.* Also the parties may agree in writing to waive mediation.

(Emphasis added and emphasis omitted.) Section 15 evidences an intent to submit any and all claims or disputes to mediation before availing oneself of the other remedies provided in the contract by stating, "[A]ny dispute or claim relating to this Contract ... shall first be submitted to mediation.... If mediation fails, the ... remedies available under this Contract shall apply." (Emphasis omitted.) Notwithstanding the requirement that the parties engage in mediation before litigation, however, Section 15 expressly allows a complaint and lis pendens to be filed: "Nothing in this Section shall prohibit the Buyer from ... filing a complaint with the court ... and recording a lis pendens ...; provided that the Buyer permits the Seller to refrain from answering the complaint pending mediation." (Emphasis omitted.) In reliance on this statement in Section 15, Miller Family filed its original complaint and lis pendens before taking any other action to enforce the contract.[4] According to Hajizadeh, that decision was fatal to Miller Family's substantive claims.

¶ 6 Hajizadeh argues that the trial court should have dismissed Miller Family's complaint with prejudice because any obligations Hajizadeh had under the REPC were extinguished when Miller Family failed to request mediation before filing its complaint and because the mediation did not take place within thirty days. Miller Family had notice of the dispute on April 30, 2007. According to Hajizadeh, mediation was to take place by May 30, 2007, and compliance is now impossible. Hajizadeh also contends that Section 15 created a "30–day statute of limitations for mandatory submi[ssion] of the dispute to mediation." We do not read the dispute resolution provision of the REPC to create either a statute of limitations or a condition prece-

dent, which required Miller Family to conduct mediation within thirty days or lose its right to pursue its substantive claims.

## I. The ADR Provisions Are Promissory Rather than Conditional

¶ 7 Hajizadeh argues that Miller Family's failure to comply with the ADR provisions of the REPC renders the entire agreement unenforceable. However, such a result would be contrary to general rules of contract construction, which favor interpretations that avoid forfeiture.[5] *See Commercial Inv. Corp. v. Siggard,* 936 P.2d 1105, 1109 (Utah Ct.App.1997) ("[A]lthough parties are free to contractually provide for ... an enforceable forfeiture provision, forfeitures are not favored in the law." (omission in original) (citations and internal quotation marks omitted)); *see also Madsen v. Anderson,* 667 P.2d 44, 47 (Utah 1983) ("The undesirability of [forfeiture] is well-stated by the maxim that the law abhors forfeiture." (internal quotation marks omitted)); *accord Crescent Corp. v. Proctor & Gamble Co.,* 898 F.2d 581, 584–85 (7th Cir.1990) (applying the rule against forfeitures in the context of an arbitration provision with express time limits). Consequently, courts are reluctant to interpret each promissory provision of a contract as conditional. *See* 5 Margaret N. Kniffin, *Corbin on Contracts* § 24.22, at 244–45 (rev. ed. 1998) ("When two interpretations are possible and one would produce an express condition and the other a different interpretation that will not result in forfeiture or a penalty, the court will usually choose the latter.").

¶ 8 In *Cheever v. Schramm,* 577 P.2d 951 (Utah 1978), the Utah Supreme Court applied this general rule to the interpretation of a contract for the sale of an auto repair business. *See id.* at 953. The *Cheever* Earnest Money Receipt and Offer to Purchase contained a provision that required the contract to be made on the approved form of the Utah Securities Commission (USC). *See id.*

---

4. The trial court dismissed Miller Family's complaint and ordered that the lis pendens be released. Rather than challenge that ruling, Miller Family sent notice to Hajizadeh and then refiled its complaint and re-recorded its lis pendens. Consequently, the issue of whether the trial court

was correct in dismissing the original complaint is not before us.

5. By "forfeiture," we mean simply the loss of Miller Family's rights under the REPC, not the loss of payments made under that contract.

After Cheever tendered performance, Schramm argued he was excused from performing because the lease was not on a USC-approved form. *See id.* The Utah Supreme Court rejected this argument, stating:

> [Schramm] assume[s] that [the USC form requirement] is a condition precedent to the formation of a valid contract between the parties. This assumption makes little sense, however, since [the requirement to use a USC-approved form] in no way indicates it is a condition, and there is no testimony a condition was implied. *A simple statement or stipulation in a contract is not necessarily a condition to a party's duty of performance. The intention to create a condition in a contract must appear expressly or by clear implication.*

*Id.* (emphasis added); *see also Norton v. Herron*, 677 P.2d 877, 879, 881–82 (Alaska 1984) (citing *Cheever* favorably and holding that a contract provision requiring funds from a specific source did not expressly or by clear implication create a condition precedent); *Peterson v. Wirum*, 625 P.2d 866, 873 (Alaska 1981) (same).

¶ 9 Hajizadeh's assumption that the contract language in this case creates a condition precedent likewise "makes little sense." *See Cheever*, 577 P.2d at 953. The ADR provisions of the REPC merely provide a deadline for mediation, without indicating expressly or by clear implication that the parties intend that deadline to be a condition precedent.[6]

## II. Breach of the ADR Provision Did Not Bar Miller Family's Substantive Claims

 ¶ 10 Even if we were to agree with Hajizadeh that the ADR provision in the REPC is conditional, we would not agree that the action should have been dismissed with prejudice. *See Quealy v. Anderson*, 714 P.2d 667, 673 (Utah 1986) (Hall, C.J., dissenting) ("A condition precedent may qualify the existence of an entire contract or only the performance of a contractual duty. Where only the performance of a duty is qualified by the condition, failure of the condition excuses

that performance only and the remaining provisions of the contract remain in effect." (footnote omitted)), *cited favorably by Bilanzich v. Lonetti*, 2007 UT 26, ¶ 11 n. 4, 160 P.3d 1041.

¶ 11 We find the Utah Supreme Court's decision in *State v. Ison*, 2006 UT 26, 135 P.3d 864, instructive. In that case, Ison was convicted of communications fraud for his involvement in a failed Caribbean cruise. *See id.* ¶¶ 1–2. Aristocrat Travel agreed to sell cabins on a Norwegian Cruise Line vessel, collect periodic payments from passengers, and forward them to Norwegian. *See id.* ¶ 3. Approximately one month before the final payment was due to Norwegian, Aristocrat sold its assets to Ison's company, Continental Travel. *See id.* ¶ 4. The asset purchase agreement included a representation from Aristocrat that all deposits from passengers had been forwarded to Norwegian. *See id.* It also provided: "On confirmation [by Continental] that all cruise and tour deposits have been paid to [Norwegian] ..., [Continental] assumes all responsibilities for the cruise and tour bookings transferred to [Continental]." *Id.* Shortly after closing, Ison discovered that Aristocrat had not forwarded the deposits to Norwegian. *See id.* ¶ 5. In response, Ison refused to honor the agreement. *See id.* ¶ 6. When the trip could not go forward as planned, passenger complaints culminated in the filing of criminal charges against Ison. *See id.* ¶¶ 7–10. The jury entered a guilty verdict against him on those charges, and Ison appealed. *See id.* ¶¶ 2, 10.

¶ 12 One of the issues on Ison's appeal was whether the trial court correctly instructed the jury that the asset purchase agreement between Continental and Aristocrat was enforceable, despite Aristocrat's failure to advance the passenger deposits to Norwegian. *See id.* ¶¶ 10, 13–14. The Utah Supreme Court agreed that it was not. *See id.* ¶¶ 44, 48. The State argued that Ison had waived his substantive claims because Continental failed to demand mediation before bringing suit, as required by the ADR provisions of

---

6. Likewise, there is nothing in the express language of the contract indicating that the parties intended the mediation deadline to be a contrac-

tual statute of limitations that would prevent claims on the underlying contract upon its expiration.

the asset purchase agreement. *See id.* ¶ 49. The Utah Supreme Court firmly rejected that argument, stating: "As a general proposition of contract law, a failure to properly invoke a dispute resolution provision will not excuse a breach of a substantive contract term." *Id.* The *Ison* court further explained: "We are aware of no contract law authority ... to support the proposition that a party's failure to pursue an agreed-upon alternative dispute resolution method would excuse the breach that created the dispute." *Id.* ¶ 50.

¶ 13 That decision was consistent with prior Utah Supreme Court authority concerning statutory conditions precedent to the filing of a summons or complaint. In *Foil v. Ballinger*, 601 P.2d 144 (Utah 1979), Foil filed a malpractice action against Ballinger without first filing a notice of intent to sue as required by statute. *See id.* at 146. Although the court was not faced with a question of ADR compliance, its analysis is helpful. In *Foil*, the trial court dismissed the first complaint without prejudice and, after serving a notice of intent to sue, Foil refiled. *See id.* at 146. However, the four-year statute of limitations on the malpractice claim ran after the first complaint was filed but before the action was refiled. *See id.* The trial court agreed with Ballinger that the statute of limitations had expired and granted summary judgment against Foil on the second complaint. *See id.* On appeal, Foil argued that the second complaint was saved by operation of the Utah savings clause, which allows a timely commenced action that fails, other than on the merits, to be refiled within one year of the original complaint. *See id.* at 149. In rejecting Ballinger's response that the first complaint was invalid and could not "commence" an action, the Utah Supreme Court explained:

> [The notice of intent to sue requirement] merely prescribes a condition precedent to the filing of a summons or a complaint. A failure to comply with such conditions does not constitute an adjudication on the merits, but is merely a procedural defect that does not relate to the merits of the basic action in any way. *There are numerous instances in which the law requires fulfillment of a condition precedent before the filing of a complaint, and failure to comply with the condition may result in a dismissal, but not on the merits[, i.e., not "with prejudice"].*

*Foil*, 601 P.2d at 150 (emphasis added); *cf. Kemiron Atl., Inc. v. Aguakem Int'l, Inc.*, 290 F.3d 1287, 1290–91 (11th Cir.2002) (affirming trial court's order refusing to stay litigation on substantive claims where parties failed to request mediation within fifteen days as required by contract and where mediation was a condition precedent to arbitration).

¶ 14 In contrast, where the parties to a contract expressly indicate their intent to link the ADR deadlines with the underlying obligations of the agreement, that intent is enforced by the courts. In *Central Florida Investments, Inc. v. Parkwest Associates*, 2002 UT 3, 40 P.3d 599, the Utah Supreme Court interpreted the express language in a contract that "[i]f agreement cannot be reached within 60 days [from the beginning of an arbitration process,] ... the Buyer shall receive its money back and this agreement shall be null and void," *id.* ¶ 15 (first alteration and omission in original) (internal quotation marks omitted), as an agreement that in the event arbitration was not successful, "the parties would be returned to their respective positions before the contract was entered," *id.* *See also Crescent Corp. v. Proctor & Gamble Co.*, 898 F.2d 581, 582 (7th Cir.1990) (noting that language in contract that "[s]hould [plaintiffs] fail to file for arbitration on or before December 31, 1988, the parties agree that [plaintiffs] shall have irrevocably waived their rights both to arbitration and an adjudication on the merits" created an express condition precedent). There is simply nothing in Section 15 of the REPC here that indicates an unambiguous intent to forfeit the entire contract if mediation does not take place "within 30 days after notice by either party of the existence of a dispute or claim."

¶ 15 As additional support for our decision, we note that Utah has adopted the holding of *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), that a dismissal for failure to satisfy a precondition to suit is an exception to the presumption in

rule 41(b) of the Rules of Civil Procedure that dismissal is with prejudice. *See id.* at 285–86, 81 S.Ct. 534. In *Madsen v. Borthick,* 769 P.2d 245 (Utah 1988), the Utah Supreme Court expressly adopted "the *Costello* interpretation of the term 'lack of jurisdiction' in our rule 41(b)," stating that "'dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition' do not ordinarily bar subsequent suits," *id.* at 249 (quoting *Costello,* 365 U.S. at 285–86, 81 S.Ct. 534). Indeed, the *Madsen* court could "conceive of no legitimate purpose for a contrary rule." *Id.*

¶ 16 Applying that analysis here, Miller Family's failure to conduct mediation within thirty days of notice of the dispute does not bar a subsequent complaint on the merits of the agreement. Instead, as in *Ison,* Miller Family may be "foreclosed from seeking a court's declaration that [it is entitled to specific performance] until mediation ha[s] occurred," *State v. Ison,* 2006 UT 26, ¶ 50, 135 P.3d 864, but would not be prevented from litigating its case if mediation proves unsuccessful, *see Estabrook v. Piper Jaffray Cos.,* 492 F.Supp.2d 922, 928 (N.D.Ill.2007) (concluding that when all the disputed issues are subject to contractually-agreed upon arbitration, "the preferable course is dismissal without prejudice"); *see also Kemiron Atl., Inc.,* 290 F.3d at 1290–91 (treating noncompliance with mediation deadline as a bar to the right to arbitrate but affirming trial court's order refusing to stay litigation of the underlying claims).

¶ 17 Finally, the Utah Supreme Court has cautioned against dismissal with prejudice when the plaintiff has not had an opportunity to address the merits of the claims. *See Bonneville Tower Condo. Mgmt. Comm. v. Thompson Michie Assocs., Inc.,* 728 P.2d 1017, 1020 (Utah 1986) ("Dismissal with prejudice . . . is a harsh and permanent remedy when it precludes a presentation of plaintiff's claims on their merits. Our rules of procedure are intended to encourage the adjudication of disputes on their merits."); *Reliable Furniture Co. v. Fidelity & Guar. Ins. Underwriters, Inc.,* 16 Utah 2d 211, 398 P.2d 685, 688 (1965) (describing dismissal prior to trial as "a drastic action . . . used sparingly

and with great caution"). Restraint seems particularly appropriate here, where Hajizadeh twice rejected Miller Family's offer to mediate. *See Ferris v. Jennings,* 595 P.2d 857, 859 (Utah 1979) ("[O]ne party to a contract cannot by willful act or omission make it impossible or difficult for the other to perform and then invoke the other's nonperformance as a defense.").

## CONCLUSION

¶ 18 Based upon the general rule of contract construction that contracts should be construed as promissory rather than conditional absent express language evidencing a contrary intent, we hold that the ADR provision did not create a condition precedent. Even if the ADR provision were conditional, however, breach of that condition would not result in forfeiture of Miller Family's substantive claims. Therefore we affirm the trial court's order dismissing the original action without prejudice.

¶ 19 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge, and GREGORY K. ORME, Judge.